IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01124-BNB

VINCENT E. LOGGINS,

Plaintiff,

v.

RICK MATTOON (CMHIP) ATTOR.,
JOHN MUSSO,
DOCTOR ELISA (BALL) BALLARD,
DOCTOR SHARON ALLEN,
LINDA BRUCE-EURLASTE, LN,
LINDA DOTSON (FCBS),
PAULA YACONNI (FCBS), and
DOCTOR HOWARD FISHER,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Vincent E. Loggins, is a patient at the Colorado Mental Health Institute at Pueblo, Colorado. Mr. Loggins has filed *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The court must construe the Prisoner Complaint liberally because Mr. Loggins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Loggins will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and has determined that the Prisoner Complaint is deficient. First, Mr. Loggins fails to provide an address for each

Defendant listed in the caption of the complaint. More importantly, it is not clear what specific claims for relief Mr. Loggins is asserting and it is not clear how the named Defendants are connected to the claims Mr. Loggins is asserting. As a result, the court finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Loggins fails to set forth a short and plain statement of his claims showing that he is entitled to relief. In order to succeed in a **Bivens** action, Mr. Loggins must demonstrate that federal officials violated his rights under the United States Constitution

while acting under color of federal law. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). However, rather than providing a short and plain statement of the claims he is asserting, Mr. Loggins makes confusing and conclusory allegations that have no obvious relationship to his federal constitutional rights. The numerous documents attached to the complaint also do not assist the court in ascertaining what specific claims Mr. Loggins in this action.

For these reasons, Mr. Loggins will be ordered to file an amended complaint if he wishes to pursue his claims in this action. If Mr. Loggins fails to file an amended complaint that includes a clear and concise statement of his claims with the necessary factual detail as described in this order, the action will be dismissed. Mr. Loggins is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Loggins file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Loggins, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

3

FURTHER ORDERED that, if Mr. Loggins fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED June 1, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01124-BNB

Vincent E. Loggins
Prisoner No. 81868
CMHIP
1600 West 24th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 6/1/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk